WATSON, Judge.
This suit is an outgrowth of previous litigation between the parties as a result of which, by judgment rendered April 24, 1971, the original plaintiff, Ollie Dupuis, was ordered to reconstruct a canal bordering her property in Vermilion Parish, Louisiana. The original defendant, Gertie Du-puis Clements, filed rule to show cause, alleging that Ollie Dupuis had failed to comply with the terms of the previous judgment. The rule was made absolute, and Ollie Dupuis was ordered to comply with the previous judgment. Ollie Dupuis moved for a new trial, which was refused. This suspensive appeal was perfected. We affirm.
On appeal, Ollie Dupuis contends that the trial court erred in making the rule absolute because he has in fact complied with the previous judgment; and that the trial court erred in refusing to grant a new trial.
In reasons for judgment on the rule, the trial court stated that there was a personal inspection of the area in question and:
“The evidence does not indicate that the judgment should not be complied with.” (TR. 84)
Since the trial court made the factual finding that Ollie Dupuis had not complied with the previous judgment, the only question is whether this finding is manifestly erroneous.
The parties herein are siblings and the record shows a family dispute following partition of inherited property. The canal, ditch, drainage and/or irrigation lateral in question is referred to throughout the proceedings as being from points B to B on Exhibit PD # 1, which is the plat in Act of Partition # 179676, conveyance records, Vermilion Parish, Louisiana.
Appellant, Ollie Dupuis, contends that he did in fact comply with the previous judgment by reconstructing an irrigation lateral; that this can be distinguished from a drainage lateral, which was not required; and that the trial court was confused as to this distinction in making the rule absolute. The prior judgment refers only to a canal. Since the original hearing on the merits and the rule were heard by the same judge, appellant has a difficult burden of proof in trying to show that the trial court failed to understand the terms of its previous judgment.
The testimony establishes that the waterway from B to B has been reconstructed as it was with the exception of a levee at one end. The trial court apparently concluded that its previous judgment intended the waterway to be reconstructed exactly as it had been before without the levee. We find no basis for a contrary finding and no manifest error in this conclusion.
For the foregoing reasons, the judgment of the trial court herein is affirmed. All costs are assessed to defendant-in-rule appellant, Ollie Dupuis.
AFFIRMED.