CULPEPPER, Judge.
This is a companion case to Gertie Dupuis Clements v. Ollie Dupuis, 402 So.2d 788, in which a separate judgment is being rendered by us this date.
The present appeal marks the current stage of over ten years of litigation between the parties concerning Gertie’s right to drain her farmland through a ditch on Ollie’s land used by him as an irrigation lateral. An earlier judgment, rendered April 24, 1971, recognized Gertie’s right, by virtue of stipulation between the parties, to drain her 24 acres across Ollie’s adjoining property and ordered Ollie to reconstruct the ditch for this purpose. Thereafter, Ger-tie filed in 1976 a rule to show cause why the April 24, 1971 judgment should not be complied with by Ollie. The trial judge, after personal inspection of the area, made the rule absolute. On appeal, this court affirmed the trial court’s finding that the previous judgment had not been complied with. Dupuis v. Clements, 337 So.2d 925 (La.App.3rd Cir. 1976).
The present appeal concerns another rule to show cause filed by Gertie in 1977 seeking an injunction allowing Gertie or her agents or employees to enter upon the land of Ollie for the purpose of cleaning out the ditch in question. By supplemental petition, Gertie also sought $10,000 in damages for loss of rice crops in 1977 and 1978 caused by. Ollie’s failure to provide drainage for her land, as ordered in the previous judgments.
In a bifurcated trial, a jury decided the issue of damages, and the trial judge decided whether or not an injunction should issue. After deliberation, the jury reached the following verdict:
“We, the jury, find plaintiff, Gertie Du-puis Clements, suffered no damage, and therefore we find for the defendant.”
The trial judge, however, granted an injunction in favor of Gertie allowing her to enter Ollie’s land to clear the ditch for drainage. The only appeal is by Gertie. Ollie did not appeal or answer the appeal as to the injunction.
This appeal concerns only whether the jury’s verdict denying Gertie’s claim for damages was clearly wrong.
This lengthy dispute between the parties arose after the partition of inherited property formerly owned by their father. Ger-tie Dupuis Clements and Ollie Dupuis were parties to the act of partition which was executed in 1965. As reflected by a survey- or’s plat accompanying the act of partition, the tract owned by Gertie is adjacent to and directly north of the tract which belongs to Ollie. Each tract comprises roughly 24 acres. The plat further depicts an “Irrigation Lateral”, which begins at a water well on Gertie’s land and runs south to the south boundary of Ollie’s property and then in an easterly direction along the south line of Ollie’s tract. Throughout these proceedings, the disputed area has been referred to on the plat as being from points B to B, which appears to be an extension of the irrigation lateral in the southeast corner of Ollie’s property. The evidence at the earlier trial established that the ditch in question had been reconstructed between these two points, but that a levee remained at the east end, preventing water from draining any further eastward.
*788 Gertie’s right to use the aforementioned ditch for drainage has already been decided by the trial court and by this court. In this suit, Gertie alleges that due to Ollie’s continued failure to fully comply with the previous judgments, she has been unable to drain her property, causing loss of rice crops in 1977 and 1978 from her 9-acre rice allotment.
Ollie avers that he has never willfully violated any of the previous judgments ordering him to clear the ditch. However, he contends the previous orders by the lower court have been vague, incomplete and non-definitive, making exact compliance difficult.
The testimony established that the ditch in question is currently being used as an irrigation lateral for the benefit of Ollie’s land. Gertie testified that her tract is presently without drainage, and that her property must drain through the ditch that is being used by Ollie for irrigation purposes. Several of Gertie’s witnesses who were familiar with the area testified that the land comprising her property drains in a southward direction and that the only available drain for this area is through points B to B.
Wade Dupuis, Ollie Dupuis’ son, testified that subsequent to the court order he and his brother opened up the irrigation lateral by removing the levee located at the east end of the lateral. However, he stated the removal of the levee did not provide drainage to Gertie’s property due to the shallowness of the irrigation lateral.
There is testimony that Gertie and members of her family came upon Ollie’s property several times and attempted to connect the irrigation lateral to an adjacent drainage canal (designated as points J to J on the plats) which- runs in a north-south direction, but they were prevented from doing so by members of Ollie’s family. Although the two ditches are adjacent to each other, witnesses for Ollie testified they have never been connected. Ollie contends that if the irrigation lateral is connected to the drainage canal, he will be unable to irrigate his property.
Ollie offered further testimony that the tract presently owned by Gertie has in the past drained east through another drainage ditch, which is now partially destroyed. Darrell Dupuis testified that he farmed this area prior to the partition in 1965 and drained the land in this manner. This was apparently the last time Gertie’s property has been farmed. Ollie also testified that Gertie’s tract has never drained through the irrigation lateral into the drainage canal.
Based upon the testimony offered and the evidence adduced, the jury could reasonably have concluded that by removal of the levee Ollie complied or at least attempted to comply with the earlier judgments rendered. The jury may also have decided that the fact that Gertie’s property had not been farmed for the last 15 years militated against her claim for damages for lost crop revenues, or that alternate means were available to drain the property. Whichever factors may have been considered, we are unable to say the jury’s verdict denying Gertie’s claim for damages was clearly wrong.
For the reasons assigned, the judgment appealed is affirmed at appellant’s cost.
AFFIRMED.